IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VENISE QUEEN, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 09-1770 |
| | : | |
| U.S. SECURITY ASSOCIATES and | : | |
| J.C. PENNEY COMPANY, INC., | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                  February 8, 2010

Defendant J.C. Penney Company, Inc., has filed a motion for summary judgment that plaintiff Venise Queen failed to exhaust her administrative remedies as to Count III of her complaint, which alleges discrimination in violation of Title VII. J.C. Penney claims that because it was not served with Ms. Queen's EEOC complaint, it cannot properly be sued for a violation of Title VII in this court. I will deny J.C. Penney's motion.

**I. FACTS**

Venise Queen was employed by U.S. Security, a private security company, until December 12, 2007. Pl.'s Compl. ¶ 16. Through her employment with U.S. Security, Ms. Queen was assigned to work at a J.C.Penney store in Breinigsville, Pennsylvania. Id. ¶ 17. She alleged she complained to her supervisor about co-worker's post of an inappropriate picture in her site-supervisor's office and was terminated from employment

shortly thereafter. Id. ¶¶ 18-20. Ms. Queen filed a formal charge of discrimination with the EEOC on May 7, 2008 alleging sexual harassment, gender discrimination, race discrimination, and retaliation. Pl.'s Resp. to Def.'s Mot. For Summ. J. Ex. A. She received a notice of right to sue from the EEOC on January 26, 2009. Compl. ¶ 12(b).[1] She filed suit in this court on April 27, 2009. Her complaint contains four counts. Count I and Count II allege sexual harassment and retaliation against defendant U.S. Security. Count III alleges race and gender discrimination in violation of Title VII against both U.S. Security and J.C. Penney, and Count IV alleges racial discrimination in violation of 42 U.S.C. § 1981 against both U.S. Security and J.C. Penney. In this motion, J.C. Penney seeks dismissal of Count III.

Ms. Queen filed a formal Charge of Discrimination with the EEOC on May 7, 2008. The complete charge consists of four pages, attached to which is a certificate affirming that Ms. Queen dual-filed her charge with the Pennsylvania Human Relations Commission. See Pl.'s Ex. A. The first page of the charge names Ms. Queen as the complainant and names only one company, U.S. Security Associates, as the employer

---

[1] Although both parties refer to Ms. Queen's receipt of a notice of right to sue letter in connection with her charge of discrimination, Ms. Queen did not attach the notice to her complaint and J.C. Penney did not attach it to its motion for summary judgment. Ms. Queen asserts in her complaint that "[t]he Equal Employment Opportunity Commission issued a Notice of Right to Sue on the foregoing charge on or about January 26, 2009." Compl. ¶ 12(b). J.C. Penney asserts in its motion that "[t]he EEOC issued Plaintiff a Notice of Right to Sue with respect to USSA, but not with respect to J.C. Penney." Def.'s Motion for Summ. J. ¶ 5. It cites as support for this assertion the affidavit of Mira Lafferton, Senior Legal Analyst for J.C. Penney, in which she states that "J.C. Penney is unaware of any Notice of Right to Sue that EEOC has issued to Venise Queen with respect to J.C. Penney." Dec. of Mira Lafferton, ¶ 5.

charged with discrimination.  Id.  The section of the first page for "particulars" of the cause of discrimination states, "please see attached."  Id.  The next page, entitled, "EEOC Complaint of Venise R. Queen," contains the following first paragraph:

> "My name is Venise R. Queen and was [sic] an employee of U.S. Security Associates, Inc. located at 1139 Sumner Avenue, White, PA 18052.  I was attached to the store of JCPenney, located at 650 Boulder Drive, Breinigsville, PA 18031.  I am naming JCPenney as a joint employer."

Id.  The remainder of the attachment describes the incidents leading to Ms. Queen's termination and concludes, "I am filing this complaint against both JCPenney and U.S. Security Associates, Inc."  Id.

J.C. Penney now claims that Ms. Queen failed to exhaust her administrative remedies with respect to her discrimination charges against it.  J.C. Penney claims it was never served with the charge, never otherwise received notice of the charge, and therefore never responded to the charge or participated in the EEOC's informal conciliation process.  Def.'s Mot. For Summ. J., ¶ 4-8.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  An issue is "genuine" when a reasonable jury could return a verdict for the non-moving party based on the evidence in the record.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" when it could affect the outcome of the case under the governing law. Id.

A party seeking summary judgment initially bears responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial Celotex burden can be met simply by demonstrating "to the district court that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Summary judgment is therefore appropriate when the non-moving party fails to rebut by making a factual showing "based on the affidavits or by depositions and admissions on file" that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; Harter v. GAF Corp., 967 F.2d 846, 852 (3d Cir.1992).

The court must view the evidence in the record in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Anderson, 477 U.S. at 255. The court must decide not whether the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the

plaintiff on the evidence presented. Id. at 252. If the non-moving party has produced more than a "mere scintilla of evidence" demonstrating a genuine issue of material fact, then the court may not credit the moving party's version of events against the opponent, even if the quantity of the moving party's evidence far outweighs that of its opponent. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

### III. DISCUSSION

A plaintiff must file charges with the EEOC and receive a right to sue letter before she may file a Title VII suit. Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 399 (3d Cir. 1976). These administrative procedures are not to be interpreted in a technical fashion and evince a preference for settling matters through administrative conciliation over formal court proceedings. Id. In order to exhaust these remedies as to a particular defendant, that defendant ordinarily must be named in the plaintiff's EEOC charge of discrimination. See Smith v. Delware River Stevedores, No. 07-1864, 2008 WL 4890135 at *3 (E.D.Pa. Nov. 10, 2008) (citing Schafer v. Bd. of Pub. Educ., 903 F.2d 243, 251 (3d Cir.1990)).

The EEOC is responsible for serving a notice of the discrimination charge on an accused employer. See 42 U.S.C. § 2000e-5(b). A Title VII complainant is not responsible for the commission's failure to perform this statutory duty. See McClease v. R.R. Donnelley & Sons Co., 226 F. Supp. 2d 695, 704 (E.D.Pa. 2002).

J.C. Penney cites Smith v. Delware River Stevedores, 2008 WL 4890135 for the

proposition that when a defendant is not named in the formal EEOC charge, the plaintiff has not exhausted her administrative remedies with respect to that defendant. Def.'s Mot. For Summ. J., 4. However, the court in Smith recognized that when a defendant is unnamed in the formal EEOC charge but is named "in the body of the formal charge," the plaintiff can be found to have satisfied exhaustion requirements as to that defendant. Smith, 2008 WL 4890135 at n. 2 (citing DeLa Cruz v. Piccari Press, 521 F. Supp. 2d 424, 431-32 (E.D.Pa. 2007)). The Smith court found the exhaustion requirement unsatisfied as to the unnamed defendant because the description in the plaintiff's EEOC charge did not even mention that defendant. Id. at *3.

Because "a plaintiff cannot be held responsible for the EEOC's failure to properly name a defendant or serve a copy of the charge," a defendant who is neither formally named in nor served with the plaintiff's EEOC charge may nonetheless be properly sued. DeLaCruz, 521 F. Supp. 2d at 431-32 (allowing suit against party that did not receive notice of the EEOC charge but that was named in the plaintiff's EEOC complaint); see also Evans v. Maax-KSD Corp., No. 06-2804, 2006 WL 3488708 at *3 (E.D.Pa. Nov. 30, 2006) (acknowledging that defendant never received notice of plaintiff's EEOC charge and finding that, because plaintiff satisfied the jurisdictional prerequisites of filing a charge of discrimination and receiving a notice of right to sue, the court had jurisdiction over his discrimination claim); Rickard v. The Lion Brewery, Inc., No. 07-CV-984, 2007

WL 3492714 at *7 (M.D.Pa. Nov. 13, 2007) (same).[2]

Although Ms. Queen failed to ensure that J.C. Penney was formally named as a defendant on the first page of her EEOC discrimination charge, she did specifically state that she was "naming [it] as a joint employer" and "filing this complaint against [it] and U.S. Security Associates," and provided its address. Her complaint was attached to the first page of the discrimination charge and a plain reading indicates that it was intended to set forth the "particulars" of her charge. Ms. Queen cannot be held responsible for the EEOC's failure to properly name J.C. Penney and serve it with notice of her EEOC charge. J.C. Penney has not presented evidence showing that Ms. Queen did not receive a notice of right to sue; it has only presented evidence, in the form of a declaration from its own counsel, that it is "unaware of any Notice of Right to Sue that the EEOC has issued" to her with respect to J.C. Penney. J.C. Penney's lack of notice of the EEOC charge and failure to receive of a copy of the notice of right to sue does not, under these factual circumstances, foreclose Ms. Queen's right to sue.

---

[2] J.C. Penney mistakenly cites McClease v. R.R. Donnelley & Sons Co., 226 F. Supp. 2d 695 (E.D.Pa. 2002), for the proposition that the defendant's "receipt of the EEOC's notice of the right to sue" is a jurisdictional prerequisite to the plaintiff filing suit. J.C. Penney's characterization misunderstands that it is the *plaintiff's* and not the *defendant's* receipt of a notice of right to sue letter that is necessary before suit can be filed. While administrative requirements are designed to ensure that both plaintiff and defendant in an employment discrimination case attempt to resolve disputes through informal reconciliation, ultimately it is the *plaintiff's* filing of the EEOC charge and the *plaintiff's* receipt of notice of right to sue that are required before the plaintiff can file suit. See Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001) ("A complainant may not bring a Title VII suit without having first received a right-to-sue letter.")

## IV. CONCLUSION

For the foregoing reasons, I will deny J.C. Penney's motion for summary judgment. An appropriate order follows.